FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONIQUE GEORGE and VESZONO GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>MERLY MOZ and MARIAH FRAIDE,<br><br>Defendants. | No. 1:24-CV-03158-RLP<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are Defendants Merly Moz and Mariah Fraide's Motion for Summary Judgment, ECF No. 17. Plaintiffs Monique and Veszono George, proceeding *pro se*, have failed to file any responsive pleadings. For the reasons set out below, Defendants' motion for summary judgment is granted.

## BACKGROUND

On May 8, 2021, Defendant Merly Moz purchased a home in Wapato, Washington from Basil George. ECF No. 19, ¶5. Ms. Moz's daughter, Defendant

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 1

Mariah Fraide, lived with Ms. Moz at the home. ECF No. 20, ¶4. Plaintiffs Monique and Veszono George are the children of Basil George. ECF No. 19, ¶6. Plaintiffs are Indians. *See* ECF No. 11. On November 9, 2022, Basil George, with the assistance of his children, filed a lawsuit in Yakama Nation Tribal Court to eject Defendants from the home they purchased from him. ECF No. 18-1 at 23-25. Ms. Moz is not a member of the Yakama Tribe, and the Wapato property is not located on tribal land. ECF No. 19, ¶¶4-5. Shortly before his death on December 1, 2022, Basil George quitclaimed any interest he still held the Wapato property to Veszono George. ECF No. 18-2 at 3.

On February 2, 2023, the Yakama Nation Tribal Court issued an order requiring Ms. Moz to vacate the Wapato property. ECF No. 18-3 at 3-5. Yakama Nation Law Enforcement removed Ms. Moz and Ms. Fraide from the property on February 7, 2023. ECF No. 18-4 at 2-3. At the time, Ms. Moz had an open lawsuit against Plaintiffs in Yakima County Superior Court. ECF No. 18-2. Prior to being removed from the home, Ms. Moz obtained an injunction from the state court prohibiting Plaintiffs from removing her from the Wapato home. ECF No. 18-5 at 3. After nevertheless being removed from her home, Ms. Moz moved the state court for an order to show cause for contempt against Plaintiffs. ECF No. 18-4. Ms. Fraide submitted a declaration in support of the motion. ECF No. 18-4 at 2-4. In an Order granting the contempt motion, Yakima County Superior Court ordered

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 2

Plaintiffs to leave Ms. Moz's property, and imposed ongoing sanctions for each day Plaintiffs remained on the premises. ECF No. 18-5 at 5-6. After Plaintiffs refused to vacate the premises, the state court issued a writ of restitution. ECF No. 18-6. On August 2, 2024, Ms. Moz successfully moved for summary judgment in her state court case. ECF No. 18-11. On October 4, 2024, the state court entered a judgment awarding Ms. Moz the Wapato property, and $58,438.43 in damages, costs, and attorney fees. ECF No. 18-12.

Plaintiffs, acting *pro se*, initiated the instant federal court action that same day, October 4, 2024. ECF No. 1. Plaintiffs' Complaint states their rights under U.S.C. Title 25 were violated. *Id*. at 3. Plaintiffs allege Ms. Moz's suit in Yakima County Superior Court was false and malicious, and that the state court lacked jurisdiction, failed to notify the Yakama Tribal Court, and otherwise behaved improperly. *Id*. at 4-6. The only allegation relating to Ms. Fraide in Plaintiffs' Complaint is that she filed false declarations in support of Ms. Moz's case. *Id*. at 5. Plaintiffs request they be awarded the Wapato property and damages. *Id*. at 7. In addition, Plaintiffs filed a Complaint and Request for Injunction on October 4, again alleging that the state court permitted false filings against them. ECF No. 4 at 5. In this pleading, Plaintiffs assert violations of 18 U.S.C. §§ 241, 242, 245, 361, and the Bill of Rights, as well as U.S.C. Title 25 and unspecified treaties, statutes, and regulations relating to Indian tribes and the Yakama Nation. *Id*. at 3.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 3

ANALYSIS

Summary judgment will be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the Court views the evidence and inferences therefrom "in the light most favorable to the adverse party". *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977)). A moving party who does not bear the burden of persuasion at trial can succeed on summary judgment either by producing evidence that negates an essential element of the non-moving party's claim or defense, or by showing that the non-moving party does not have enough evidence to prove an essential element. *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Defendants' motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel,* 26 F.3d 1488, 1494-95, n.4 (9th Cir. 1994). However, the Court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also*

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 4

*North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for a triable issue of fact).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal quotation marks omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id*. at 570, 127 S. Ct. 1955.

"[P]ro se pleadings must be construed liberally," *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016), and "[f]ederal pleading rules . . . do not countenance dismissal . . . for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346 (2014) (reversing summary judgment on basis that plaintiffs failed to invoke 42 U.S.C. § 1983 in their complaint where they otherwise alleged sufficient facts for such a claim). Still, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Defendants request the Court grant them summary judgment because Plaintiffs' Complaint fails to state sufficient facts to support a claim for relief. The Court agrees.

Plaintiffs assert claims under 18 U.S.C. §§ 241, 242, 245, and 361[1]. However, these statutes define crimes and do not provide a private cause of action in a civil suit. Plaintiffs also assert their claims arise under Title 25 U.S.C. "Article 1, Section 8, Clause 3." ECF Nos. 1 at 3; 4 at 3. The Court is uncertain what specific statute Plaintiffs refer to, but regardless, Plaintiffs do not allege facts which give rise to any cause of action provided under Title 25 U.S.C. Plaintiffs' final assertion that unidentified treaties, codes, and/or regulations are involved is insufficient to place Defendants on fair notice of the claim being asserted.

Still, construing the Complaint liberally, Plaintiffs' allegations can be read as an attempt to assert a 42 U.S.C. § 1985(3) claim for conspiracy to deprive them of their civil rights. A § 1985(3) claim requires plaintiffs to allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

---

[1] "18 U.S.C. § 361" is a non-existent statute. The Court is uncertain what statute Plaintiffs intended to cite, if any.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 6

*United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29, 103 S.Ct. 3352 (1983). The second element generally requires evidence that the deprivation of the plaintiff's rights was motivated by racial animus. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

    Reading Plaintiffs' Complaint generously, they appear to allege Defendants conspired to deprive them of their rights to the Wapato property by filing "a false suit with malicious intent" which resulted in their loss of the property. ECF No. 1 at 4-5. However, despite many complaints about the state court's failure to abide by tribal law, Plaintiffs do not allege Defendants' actions were motivated by any racial animus against them as Indians. Nor do they explain what was "falsified, inaccurate, or illegal" in Defendants' filings before the state court. *Id*. Plaintiffs' failure to allege racial animus or specifically identify the false or fabricated evidence presented by Defendants in the state court action means they fail to provide sufficient factual matter to support a plausible claim for relief. *See also Olga C. v. County of Santa Clara*, 701 F. App'x 551, 553 (9th Cir. 2017) (plaintiff failed to allege plausible 42 U.S.C. § 1983 claim where plaintiff did not identify specific false or fabricated evidence submitted to state court).

    Even if sufficient allegations could be read into Plaintiffs' Complaint, their failure to respond to Defendants' motion for summary judgment means there is no evidence in the record to support their allegations. Due to Plaintiffs' failure to state

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 7

a viable claim, and the absence of a genuine issue of material fact, Defendants are entitled to summary judgment.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment, **ECF No. 17** is **GRANTED**.

The Clerk of this court shall enter this Order and judgment in favor of Defendants, forward copies to the parties, and close this file.

DATED August 25, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT * 8